# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

In the Matter of Joseph R. Surface, Respondent.

Appellate Case No. 2025-000319

Opinion No. 28287
Submitted June 11, 2025 – Filed July 2, 2025

## DEFINITE SUSPENSION

Disciplinary Counsel William M. Blitch, Jr. and
Assistant Disciplinary Counsel Connor J. Parker, both of
Columbia, for the Office of Disciplinary Counsel.

Joseph R. Surface, of Honea Path, pro se.

**PER CURIAM:**   In this attorney disciplinary matter, Respondent and the Office
of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by
Consent (Agreement) pursuant to Rule 21 of the Rules for Lawyer Disciplinary
Enforcement (RLDE) contained in Rule 413 of the South Carolina Appellate Court
Rules (SCACR).  In the Agreement, Respondent admits misconduct and consents
to the imposition of a confidential admonition, public reprimand, or definite
suspension not to exceed six months.  We accept the Agreement and suspend
Respondent from the practice of law in this state for six months.  The facts, as set
forth in the Agreement, are as follows.

## I.

## Matter A.

In July 2020, Client retained Respondent to pursue claims for veterans' disability
benefits.  By October 2020, the attorney-client relationship between Client and
Respondent had deteriorated.  Respondent terminated his attorney-client
relationship with Client and notified Veterans Affairs.  Client asked for his client

file to be returned, but Respondent declined to provide Client with his client file. Despite Respondent's ethical obligation to return Client's file, Respondent represents to ODC that Client could have requested his file from Veterans Affairs.

**Matter B.**

Respondent was arrested on May 20, 2024, and charged with felony domestic violence in the first degree. Respondent assaulted S.S., who is both his legal secretary and his ex-wife, in the morning hours at his law office.

Around 8:30 a.m., Respondent asked S.S. for a copy of the new key to her home, which Respondent owns. S.S. refused to give Respondent the new house key. While S.S. was sitting in an office chair, Respondent approached S.S., grabbed her, and pulled her by the arms in an attempt to remove her from the chair. When he was unsuccessful, Respondent grabbed S.S. around her neck area and shook her in an effort to force her to give him the key, which S.S. continued to refuse to do. Respondent then took S.S.'s other personal keys and her cell phone and left the office. Shortly thereafter, Respondent was arrested at Due West Town Hall, where he sought to have the electricity service to S.S.'s home disconnected. The assault left visible marks on S.S.'s arms and neck area, which law enforcement observed and documented upon their arrival.

On May 23, 2024, Respondent timely self-reported his arrest to ODC. On May 30, 2024, the Court placed Respondent on interim suspension and appointed the Receiver. *In re Surface*, 443 S.C. 48, 902 S.E.2d 40 (2024).[1] On November 19, 2024, S.S. signed a Statement of Intent with the Anderson County Solicitor's Office, requesting the warrant be dismissed because she no longer wished to cooperate with the prosecution of the case. The following day, the criminal charge against Respondent was dismissed.

Respondent represents his behavior during this incident was triggered by several factors, including the recent passing of his nephew, his lack of access to a prescriber for his psychiatric medications, and his long and dysfunctional relationship with S.S.

Respondent proactively applied to and completed a 26-week specialized treatment program for domestic violence offenders, as well as a separate thirteen-session therapy program with a licensed professional counselor to treat his post-traumatic

---

[1] The receivership was terminated by order of this Court dated December 30, 2024.

stress disorder.

## II.

In the Agreement, Respondent admits that his conduct as set forth above violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.15(d) (requiring that a lawyer promptly deliver to the client any property that the client is entitled to receive); Rule 1.16(d) (requiring a lawyer, upon termination of representation, to surrender papers and property to which the client is entitled); Rule 8.4(a) (prohibiting a violation of the Rules of Professional Conduct); and Rule 8.4(b) (prohibiting a criminal act that reflects adversely on the lawyer's fitness to practice law).

Respondent also admits his misconduct is grounds for discipline under the following Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR: Rule 7(a)(1) (providing a violation of the Rules of Professional Conduct is a ground for discipline); and Rule 7(a)(5) (providing that engaging in conduct tending to bring the legal profession into disrepute and conduct demonstrating an unfitness to practice law are both grounds for discipline).

In the Agreement, Respondent admits his wrongdoing and agrees to a confidential admonition, public reprimand, or definite suspension not to exceed six months. If a definite suspension is imposed, Respondent requests that it be imposed retroactively to the date of his interim suspension. Respondent also agrees to pay the investigative and prosecutorial costs in this matter within thirty days of being disciplined. Respondent has no prior disciplinary history.

## III.

We find a six-month definite suspension is the appropriate sanction for Respondent's misconduct. Accordingly, we accept the Agreement and suspend Respondent from the practice of law for a period of six months, retroactive to May 30, 2024, the date Respondent was placed on interim suspension.

Within thirty days of the date of this opinion, Respondent shall pay the costs incurred in the investigation and prosecution of this matter by ODC and the Commission on Lawyer Conduct.

**DEFINITE SUSPENSION.**

**KITTREDGE, C.J., FEW, JAMES, HILL and VERDIN, JJ., concur.**